UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT ROLLAND,

                Petitioner,           02 Civ. 8403 (GBD)(MHD)

   -against-                                      ORDER

CHARLES GREINER
Superintendent of Green Haven Correctional Facility
                     Respondent.
------------------------------------------------------------X
GEORGE B. DANIELS, District Judge:

      Petitioner filed a writ of habeas corpus challenging his conviction, after a jury trial in New York State Supreme Court, New York County, rendered on March 15, 1999, for one count of murder in the second degree. Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report") wherein he found that petitioner's claims are without merit. He recommended that the petition be denied in its entirety and that the action be dismissed with prejudice.

      In the Report, Magistrate Judge Dolinger concluded that there was no merit to petitioner's claim that the trial court's preclusion of a third party's out of court statement violated petitioner's right to present a defense under the Due Process Clause of the Fourteenth Amendment. In the alternative, petitioner requested that he be granted an evidentiary hearing in order to determine the reliability of the third party's statement, which Magistrate Judge Dolinger recommended should be denied. Finally, petitioner's claim that the trial court violated his rights under the Confrontation Clause by admitting testimony from two police detectives who mention that a co-defendant inculpated petitioner was also found by the magistrate judge to be without merit.

1

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. *See Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Heisler v. Kralik*, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), *aff'd*, 167 F.3d 618 (2d Cir. 1998). With respect to those portions of the Report to which petitioner did not specifically object, the Court finds that the record is not facially erroneous.

The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b). It is not required however, that the Court conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which objections were made. *Nelson,* 618 F.Supp. at 1189-90 (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." *Raddatz*, 447 U.S. at 676.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may only be granted if the challenged decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result]." *Williams v. Taylor,* 529

U.S. 362, 405 (2000). A challenged decision is also covered by the "unreasonable application" clause where "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Court has examined petitioner's various objections and finds each of them to be without merit. Petitioner first argues that the Magistrate applied the wrong standard in determining that an unavailable third party's out of court statement did not qualify as a declaration against penal interest and was properly excluded by the trial court. Rather than the four-part test established in *People v. Settles*, 46 N.Y.2d 154, 167 (1978), and affirmed in *People v. Thomas*, 68 N.Y.2d 194, 197 (1986), which the Magistrate relied on, petitioner relies on a short passage from *Settles*, 46 N.Y.2d at 168, as the standard. However, the passage cited by petitioner is only part of a discussion of one element of the four-part test established by the Court. *Settles*, 46 N.Y.2d at 167-68. Accordingly, the Magistrate accurately applied the complete New York standard for admitting declarations against penal interest at the time of petitioner's trial. *Settles*, 46 N.Y.2d at 167-68; *Thomas*, 68 N.Y.2d at 197.

Petitioner further contends that the third party statement was both sufficiently reliable and self-inculpatory to justify its admission as a declaration against penal interest. While it is true that state rules of evidence "cannot be inflexibly applied in such a way as to violate fundamental fairness" *Washington v. Shriver,* 255 F.3d 45, 56 (2d Cir. 2001), at the same time "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). In a lengthy discussion of this issue, Magistrate Judge Dolinger determined that the trial court did not abuse its discretion in ruling that the statement failed to

satisfy the reliability criteria established in New York at the time. *Thomas*, 68 N.Y.2d at 197; *People v. Brensic*, 70 N.Y.2d 9, 14-15 (1987) (declaration must be "spoken under circumstances which renders it highly probable that it is truthful"). The Report also found that the ruling satisfied both the federal and state rules precluding statements offered as against penal interest which are not disserving to the declarant. *Williamson v. United States*, 512 U.S. 594, 599-600 (1994); *Brensic*, 70 N.Y.2d at 16. The statement was unreliable. Moreover, because the declarant only implicated himself after being assured that his statement would not be used against him, and because the statement was intended to limit the declarant's culpability, the statement was not made against the declarant's penal interest. *See Williamson,* 512 U.S. at 599-601; *Brensic*, 70 N.Y.2d at 16.

Petitioner alternatively contends that an evidentiary hearing should be held to determine the reliability of the third party statement. Where a petitioner has failed to exercise diligence developing his claim in state court, the AEDPA restricts the ability of federal courts to order evidentiary hearings unless petitioner shows that his claim relies on new law or new evidence and that but for constitutional error, the facts underlying his claim would clearly demonstrate innocence. 28 U.S.C. § 2254(e)(2). Petitioner's claim does not rest on a newly recognized legal theory or on newly discovered evidence. Accordingly, an evidentiary hearing is denied.

Petitioner also argues that the trial court violated his rights under the Confrontation Clause when it refused to preclude the limited testimony of two police detectives about a non-testifying co-defendant who inculpated petitioner. If a statement is offered for a purpose other than proving the truth of the matter asserted, such as to explain actions taken as a result of the statement or to show how an investigation developed, its admission violates neither the hearsay rule nor the Confrontation Clause. *Street*, 471 U.S. at 414; *United States v. Gilliam,* 994 F.2d

4

97, 103 (2d. Cir. 1993); *People v. Simpson*, 256 A.D.2d 205, 206, 682 N.Y.S.2d 376, 377 (1st Dept. 1998). Here, the trial court admitted the limited testimony of the detectives "in order to explain what led the detectives to interview defendant five years after the crime occurred, since the defense opened the door to admission of the statement by way of its allegations of a police conspiracy." Report at 36. Because the statements were offered for this limited purpose, their admission does not violate petitioner's right "to be confronted with the witnesses against him." U.S. Const. Amend. VI; *Street*, 471 U.S. at 414.

Petitioner correctly recognizes that a different result might be warranted if there had been "alternatives [to admitting the statements] that would have both assured the integrity of the trial's truth-seeking function and eliminated the risk of the jury's improper use of evidence." *Street*, 471 U.S. at 415. However, petitioner fails to suggest any such alternative and this Court recognizes none. Petitioner also argues that the prosecution's use of the co-defendant's statement was not germane to rebutting defense counsel's arguments to the jury. However, as explained in the Report, petitioner offers no authority "that would apply the Confrontation Clause to evidentiary rulings admitting out-of-court statements for an otherwise proper purpose, based solely on the contention that the evidence was not necessary to the State's response to a defense argument." R&R at 71. In addition, the degree to which the statement helps the prosecution is a question of weight, and determining the weight and credibility of witness testimony "has long been held to be the 'part of every case [that] belongs to the jury ... " *U.S. v. Scheffer*, 523 U.S. 303, 313 (1998), *citing, Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1891).

After reviewing the Report and petitioner's objections, the Court adopts the Report. The petition is therefore dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore a certificate of appealability will not issue. 28 U.S.C. § 2253; *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998); *United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997); *Lozada v. United States*, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

Dated: New York, New York
March 27, 2006

SO ORDERED:

GEORGE B. DANIELS
United States District Judge